UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MEDINA NIKOCEVIC,

                    Plaintiff,

       -against-

HORIZON WINDOW TREATMENTS, INC.,
EREZ ABIKZER a/k/a ERIC ABIKZER,
and AVI ABIKZER,

                 Defendants.
---------------------------------------------------------------X

Case No.:


**COMPLAINT**


**Jury Trial Demanded**

      Plaintiff, MEDINA NIKOCEVIC ("Ms. Nikocevic" or "Plaintiff") by and through her attorneys, THE SELTZER LAW GROUP P.C., files this Complaint against Defendants HORIZON WINDOW TREATMENTS, INC. ("Horizon"), EREZ ABIKZER a/k/a ERIC ABIKZER ("Defendant Erez Abikzer"), and AVI ABIKZER ("Defendant Avi Abikzer") (collectively, "Defendants"):

**PRELIMINARY STATEMENT**

1.    Plaintiff was subjected to a hostile work environment by Defendants as a result of severe, pervasive and unwelcomed harassment offensive to her gender perpetrated by Defendant Avi Abikzer, who had a lengthy prior history of engaging in gender offensive misconduct in Horizon's business premises.  On June 18, 2019, Defendant Avi Abikzer physically assaulted Ms. Nikocevic at Horizon's business premises.  The assault was motivated by Plaintiff's gender and, as a result thereof, Plaintiff was constructively discharged from her position as a sales manager with Horizon. Defendant Erez Abikzer is the principal and owner of Horizon.  Defendant Avi Abikzer is, and at all relevant times was, an installer employed by Horizon.

Defendants Erez Abikzer and Avi Abikzer are brothers.  Prior to the June 18, 2019 assault, Defendant Erez Abikzer was aware that Defendant Avi Abikzer had engaged in gender offensive behavior at the Horizon business premises. Defendants Horizon and Erez Abikzer failed to adequately investigate Defendant Avi Abikzer's prior gender offensive misconduct and failed to take prompt corrective or remedial action.  Following Plaintiff's constructive discharge, Defendant Erez Abikzer unlawfully retaliated against her by attempting to interfere with Plaintiff's exercise of her protected rights.

2.   Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e; New York State Human Rights Law, N.Y. Exec Law §§ 290, 296 and 297; the New York City Human Rights Law and, more particularly, New York City Administrative Code §§ 8-101 through 8-107 et seq.  Plaintiff asserts claims of gender discrimination, hostile work environment, constructive discharge on the basis of her gender and retaliation. Plaintiff seeks appropriate monetary relief as well as appropriate equitable and other relief to redress the wrongdoing complained of herein.

## STATEMENT PURSUANT TO LOCAL RULE 9

3.   For purposes of complying with Local Rule 9, Plaintiff states that she has no corporate parent, subsidiary or affiliate, and that there are no other interested parties.

## JURISDICTION AND VENUE

4.   Plaintiffs invoke this Court's jurisdiction pursuant to 29 U.S.C. § 201 et seq., including 29 U.S.C. 216(b), and 28 U.S.C. § 1331.

5. This District has supplemental jurisdiction over Plaintiffs' New York City and New York State claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because the conduct giving rise to this action occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On August 2, 2019, Plaintiff filed a Charge of Discrimination ("Charge of Discrimination") with the United States Equal Employment Opportunity Commission (EEOC) against Defendant Horizon.

8. In said Charge of Discrimination, Plaintiff alleged that she was subjected to gender discrimination, hostile work environment and constructive discharge.

9. The Charge of Discrimination was assigned Charge No. 520-2019-05165.

10. On September 3, 2019, the EEOC issued a "Notice of Right to Sue within 90 Days" with reference to Plaintiff's Charge of Discrimination.

11. Plaintiff has filed the Complaint in this matter within the time prescribed by the Notice of Right to Sue.

12. Plaintiff demands a jury trial to resolve all issues in this action.

## PARTIES

13. Plaintiff is a natural person residing in Kings County in the State of New York.

14. Plaintiff is a female.

15. Plaintiff's date of birth is November 4, 1991.

16. Defendant Horizon is a domestic corporation with a principal place of business located at 133 West 24th Street, New York, New York 10011 (the "Horizon business premises").

17.   The Horizon business premises consist of an office and showroom.

18.   Defendant Horizon engages in the business of designing and installing custom window treatments throughout New York City.

19.   Defendant Avi Abikzer is a natural person who, at all times relevant hereto, has been employed by Horizon as an installer.

20.   Defendant Avi Abikzer is a male.

21.   Defendant Erez Abikzer is a natural person, who is the principal and an owner of Horizon.

22.   Defendant Erez Abikzer is a male.

23.   Defendant Erez Abikzer is the brother of Defendant Avi Abikzer.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment with Horizon

24.   Horizon employed Plaintiff from approximately July or August of 2011 until June 18, 2019.

25.   Plaintiff worked as a sales manager for Horizon continuously from late 2011 through June 18, 2019.

26.   As a sales manager, Plaintiff was responsible for business development and generating customer sales for Horizon.

27.   On June 18, 2019, Plaintiff was constructively discharged from her employment with Horizon when Defendant Avi Abikzer physically assaulted Plaintiff.

28.   The assault was motivated by Plaintiff's gender.

29.   Horizon required Plaintiff to work on Mondays through Fridays and on alternate Saturdays.

4

30.     Horizon required Plaintiff to be available to meet with customers during specified time blocks.

31.     When Plaintiff was not meeting with customers, Horizon effectively required Plaintiff to perform her work at the Horizon business premises.

32.     All customer calls and quality customer leads were made to, and/or generated at, the Horizon business premises.

33.     Plaintiff would not, and did not, receive any quality customer leads if she was not physically present at the Horizon business premises.

34.     In view of Horizon's policy and practice with respect to customer leads, which was directly tied to Plaintiff's compensation, Plaintiff had no choice other than to perform her work at the Horizon business premises and was not free to perform her work elsewhere.

35.     When Horizon's administrative support staff were on vacation or otherwise not in the office, the company required Plaintiff to perform the work functions of those employees during their absence(s).

36.     Plaintiff performed the following employee tasks for Horizon on a substitute basis: answered office phones; placed orders; purchased materials and addressed customer complaints.

37.     Horizon did not allow Plaintiff to take vacation time on dates when Roie Messiati, who also held a sales position, was out of the office.

38.     Roie Messiati also possessed an ownership interest in Horizon.

39.     Horizon required that Roie Messiati pre-approve any vacation time that Plaintiff contemplated taking.

40.     If Plaintiff could not work on a specific day, she was required to notify Horizon of the
        absence in advance unless it was due to an emergency or unforeseen illness.

41.     Horizon exercised substantial control and supervision over the manner and method
        in which Plaintiff performed her work.

42.     As such, Plaintiff was in fact an employee of Horizon.

43.     Horizon never provided Plaintiff with a sexual harassment or anti-discrimination
        policy.

44.     Horizon never informed Plaintiff of any procedure for making a complaint of
        discrimination or sexual harassment.

45.     Horizon never provided Plaintiff with an employee manual or handbook.

46.     Horizon never provided Plaintiff with any written policies concerning the terms and
        conditions of their working relationship.

**Defendant Avi Abikzer's History of Gender Offensive Misconduct**

47.     Defendant Avi Abikzer had a history of making comments offensive to Plaintiff's
        gender.

48.     Defendant Avi Abikzer started to make these comments in 2013.

49.     Defendant Avi Abikzer said the following sexually charged remark to Plaintiff:
        "Medina, how do you talk to guys on the street?"

50.     Defendant Avi Abikzer also said to Plaintiff, "you think you're tough?" and "you think
        you can fight?"

51.     Defendant Avi Abikzer uttered the foregoing comments to Plaintiff approximately
        three times monthly on each month of her employment with Horizon from 2013 until
        Plaintiff's constructive termination.

52.     On approximately five occasions from 2013 to 2014, Defendant Avi Abikzer asked Plaintiff if she had a boyfriend.

53.     Plaintiff reported the foregoing comments to Defendant Erez Abikzer repeatedly over a period of years.

54.     Defendant Erez Abikzer took no action against his brother.

55.     In approximately 2017, a female Horizon customer posted a complaint on the Yelp website about behavior by Defendant Avi Abikzer that made her feel uncomfortable.

56.     Horizon subsequently arranged for the removal of this complaint from the Yelp site.

57.     Defendant Avi Abikzer romantically propositioned two previous female Horizon employees.

58.     Defendant Avi Abikzer's romantic propositioning of Horizon employees was unwelcome and was reported to Defendant Erez Abikzer.

59.     Defendant Erez Abikzer took no action against his brother for his inappropriate sexual misconduct.

60.     Defendant Avi Abikzer was physically violent in the Horizon business premises on at least two occasions prior to his June 18, 2019 physical assault of Plaintiff.

61.     In approximately 2016, Defendant Avi Abikzer slapped one of Plaintiff's Horizon co-workers in the face.

62.     In approximately 2017, Defendant Avi Abikzer physically struck another installer employed by Horizon.

63.     Defendant Erez Abikzer was made aware of both incidents of physical violence committed by Defendant Avi Abikzer.

64. Defendant Erez Abikzer and took no action against his brother for these previous incidents of physical violence in the Horizon workplace.

65. Horizon has failed to take any corrective action against Avi Abikzer even though it has been aware for years of his gender offensive comments, propositioning of female employees and acts of workplace violence against co-workers.

**Defendant Avi Abikzer's Physical Assault of Plaintiff**

66. On June 18, 2019 at approximately 2:30 pm, Defendant Avi Abikzer physically and verbally assaulted Plaintiff at the Horizon business premises.

67. Immediately prior to the assault, Plaintiff was in the office speaking with co-workers Shai Howell and Shmulik Moyal when Defendant Avi Abikzer entered the office.

68. Plaintiff was previously instructed by Roie Messiati to ask any of the installers to install new shades in the showroom display.

69. Plaintiff therefore politely asked Defendant Avi Abikzer to install the showroom shades because she had a client that needed to look at them.

70. In response, Defendant Avi Abikzer aggressively told Plaintiff to "shut the fuck up," and further stated to her, "you are not my boss, you fucking woman."

71. Plaintiff was shocked by this gender offensive behavior and asked Defendant Avi Abikzer what she might have done to him to prompt him to curse at her.

72. Plaintiff told Defendant Avi Abikzer that she was not his boss but that everyone at the company worked together.

73. Plaintiff also stated that, without each other, neither individual would have a job.

74. Defendant Avi Abikzer responded by telling Plaintiff to "shut the fuck up."

75. Defendant Avi Abikzer also said, "you fuck up all your fucking jobs, benzona."

76.   The term "benzona" is Hebrew for "son of a bitch."

77.   Plaintiff then walked away from Defendant Avi Abikzer and waited for Defendant Eric Abikzer to return to the Horizon business premises so that she could report this incident.

78.   Plaintiff walked to the showroom to change advertising displays.

79.   Shai Howell approached Plaintiff and asked about her welfare.

80.   Plaintiff asked Ms. Howell to stand near her in case Defendant Avi Abikzer attempted to physically hit Plaintiff.

81.   Plaintiff took this precaution because Defendant Avi Abikzer previously struck two other Horizon employees.

82.   Defendant Avi Abikzer is in his late forties and has a muscular physique.

83.   Defendant Avi Abikzer then left the office and started walking down the hallway toward Plaintiff.

84.   As Defendant Avi Abikzer approached Plaintiff, he yelled, "you stupid fucking woman," "you think you're fucking tough, huh?" and "stupid benzona woman."

85.   Defendant Avi Abikzer then charged at Plaintiff with a dolly carrying numerous boxes.

86.   Defendant Avi Abikzer pushed the dolly and boxes into Plaintiff.

87.   The dolly and boxes made contact with both of Plaintiff's legs in the shin area, propelling her backward.

88.   Defendant Avi Abikzer then raised both of his arms to punch Plaintiff.

89.   Defendant Avi Abikzer hit Plaintiff on the right side of her neck with the back side of his right forearm while his fist was clenched.

90.   While striking Plaintiff, Defendant Ari Abikzer yelled, "you stupid woman," "you dumb fucking benzona" and "you fucking bitch!"

91.   Plaintiff screamed and cried while Ms. Howell yelled at Defendant Avi Abikzer to stop his violent actions.

92.   Defendant Avi Abikzer then ran back to the office while Plaintiff was crying.

93.   Defendant Erez Abikzer arrived at the Horizon premises approximately two minutes later and asked Plaintiff what was wrong.

94.   Plaintiff told Defendant Erez Abikzer that his brother had hit her and cursed at her.

95.   Defendant Erez Abikzer stated that Plaintiff had "no bruises" and that she was "fine."

96.   Plaintiff realized that Defendant Erez Abikzer was not going to make any effort to address the situation and therefore picked up the office telephone to call the police.

97.   Defendant Erez Abikzer attempted to stop Plaintiff from calling the police but Plaintiff insisted that she did not feel safe with Defendant Avi Abikzer nearby.

98.   Plaintiff called the police.

99.   While awaiting the police's arrival, Plaintiff heard Defendants Erez Abikzer and Avi Abikzer yelling at each other in Hebrew.

100.   Plaintiff observed Defendant Avi Abikzer attempting to leave the Horizon premises before the police arrived.

101.   Defendant Erez Abikzer required his brother to remain at the Horizon business premises.

102.   The police arrived and interviewed Plaintiff, Defendant Avi Abikzer and Shai Howell, who witnessed the assault.

103. After the assault, Defendant Erez Abikzer told Plaintiff that he was unable to take action against Defendant Avi Abikzer because they are brothers.

104. Horizon did not take any corrective measure to remedy or address the physical assault perpetuated against Plaintiff.

105. During Plaintiff's nearly eight years of employment with Horizon, she was physically in Defendant Avi Abikzer's presence at the Horizon business premises on each working day.

106. Due to Defendant Avi Abikzer's physical attack upon Plaintiff, and his prior history of violence in the workplace, Plaintiff could no longer be in Defendant Avi Abikzer's presence.

107. Horizon failed to take any corrective action against Defendant Avi Abikzer prior to June 18, 2019.

108. Horizon again declined to take any meaningful corrective action against Defendant Avi Abikzer after he physically assaulted Plaintiff due to his hatred of women.

109. Accordingly, Plaintiff could not, and did not, return to work for Horizon after June 18, 2019.

110. Plaintiff was constructively discharged from her employment with Horizon.

111. As a result of Defendants' unlawful conduct, Plaintiff has lost work-related income and benefits.

112. As a result of Defendants' unlawful conduct, Plaintiff's mental and emotional health has suffered.

113. As a result of Defendants' unlawful conduct, Plaintiff has and will incur attorneys' fees and legal expenses.

114. Plaintiff's EEOC Charge, which included a full recitation of the facts supporting the claims asserted herein, was delivered to Defendants Horizon and Erez Abikzer on or about July 12, 2019.

115. On or about July 30, 2019, Defendant Erez Abikzer engaged in unlawful retaliation by attempting to intimidate Plaintiff and discourage her from pursuing legal action.

116. On such date, a third party known to both Plaintiff and Defendant Erez Abikzer delivered to Plaintiff a communication from Defendant Erez Abikzer that was intended to intimidate Plaintiff and dissuade her from pursuing legal action.

117. Through the third party, Defendant Erez Abikzer stated that the claims Plaintiff was pursuing could only be pursued by a worker paid as a tax form W2 employee and Plaintiff was paid on a 1099 basis.

118. Defendant Erez Abikzer, through the third party, further stated that, if she pursued legal action, Plaintiff was in jeopardy of incurring tax liability equaling approximately $200,000.

119. This statement constitutes retaliation, as it was intended to discourage Plaintiff from pursuing her discrimination claims.

120. Defendants Horizon and Erez Abikzer required Plaintiff to be compensated for her work on the basis of tax form 1099 rather than tax form W2.

121. Defendants Horizon and Erez Abikzer made the decision, and in fact insisted, that Plaintiff would be compensated for her work on the basis of tax form 1099 rather than tax form W2.

122. Defendants Horizon and Erez Abikzer unlawfully decided to compensate Plaintiff for her work on the basis of tax form 1099 even though said Defendants exercised such

substantial supervision and control over Plaintiff's performance of her work responsibilities that Plaintiff was in fact an employee.

### FIRST CAUSE OF ACTION
**(Hostile Work Environment and Gender Discrimination
Against Horizon – Title VII, 42 U.S.C. § 2000e-2)**

123. Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "122" as though fully set forth at length herein.

124. Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

125. Horizon discriminated against Plaintiff because of her gender in violation of Title VII, 42 U.S.C. § 2000e-2, by engaging in, tolerating or failing to prevent the gender-based harassment alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

126. During Plaintiff's employment, Defendant Avi Abikzer subjected Plaintiff to unwelcome, undesirable and offensive comments and/or conduct, culminating in his physical assault of Plaintiff on June 18, 2019 during which he uttered numerous gender offensive remarks.

127. Plaintiff clearly indicated that this misconduct was unwelcome.

128. Plaintiff did not solicit or incite the comments and misconduct and she perceived the comments and misconduct to be offensive and undesirable.

129. The comments and harassing misconduct described above were because of Plaintiff gender.

130.   The comments and harassing misconduct suffered by Plaintiff were sufficiently pervasive and/or severe to alter and did alter the conditions of Plaintiff's employment and created an abusive working environment.

131.   Plaintiff was detrimentally affected by the comments and misconduct and such comments and misconduct would have detrimentally affected a reasonable individual in Plaintiff's position.

132.   Horizon knew and/or should have known of the harassment and failed to take prompt and/or effective remedial action.

133.   Horizon's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the Title VII for which Plaintiff is entitled to recover compensatory damages and punitive damages in an amount to be determined at trial, expungement of all discriminatory motivated records, together with appropriate interest thereon, and an award of attorneys' fees, expert fees, costs and disbursements.

### SECOND CAUSE OF ACTION
**(Hostile Work Environment and Gender Discrimination
under the New York State Human Rights Law and the New York City Human
Rights Law Against Horizon)**

134.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "133" as though fully set forth at length herein.

135.   Horizon has discriminated against Plaintiff on the basis of her gender in violation of the NYSHRL and the NYCHRL by subjecting Plaintiff to disparate treatment based upon her gender including, but not limited to, subjecting her to unwelcome gender-based harassment and a hostile work environment.

136. During Plaintiff's employment, Defendant Avi Abikzer subjected Plaintiff to unwelcome, undesirable and offensive comments and/or conduct, culminating in his physical assault of Plaintiff on June 18, 2019 during which he uttered numerous gender offensive remarks.

137. Plaintiff clearly indicated that this misconduct was unwelcome.

138. Plaintiff did not solicit or incite the comments and misconduct and she perceived the comments and misconduct to be offensive and undesirable.

139. The comments and harassing misconduct described above were because of Plaintiff gender.

140. The comments and harassing misconduct suffered by Plaintiff were sufficiently pervasive and/or severe to alter and did alter the conditions of Plaintiff's employment and created an abusive working environment.

141. Plaintiff was detrimentally affected by the comments and misconduct and such comments and misconduct would have detrimentally affected a reasonable individual in Plaintiff's position.

142. Horizon knew and/or should have known of the harassment and failed to take prompt and/or effective remedial action.

143. Plaintiff was treated less well than other employees of Horizon that were outside of her protected class on account of her gender.

144. Horizon's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYSHRL and NYCHRL for which Plaintiff is entitled to recover compensatory damages and punitive damages in an amount to be determined at

trial, expungement of all discriminatory motivated records, together with appropriate interest thereon, and an award of attorneys' fees, expert fees, costs and disbursements.

### THIRD CAUSE OF ACTION
**(Against Defendant Erez Abikzer for Aiding and Abetting Discrimination Based Upon Plaintiff's Gender in Violation of New York City Administrative Code § 8–107(1)(6) and New York Executive Law §296(1))**

145.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "144" as though fully set forth at length herein.

146.   Plaintiff was subjected to disparate treatment based upon her gender including, but not limited to, subjecting her to unwelcome gender-based harassment and a hostile work environment.

147.   During Plaintiff's employment, Defendant Avi Abikzer subjected Plaintiff to unwelcome, undesirable and offensive comments and/or conduct, culminating in his physical assault of Plaintiff on June 18, 2019 during which he uttered numerous gender offensive remarks.

148.   Plaintiff clearly indicated that this misconduct was unwelcome.

149.   Plaintiff did not solicit or incite the comments and misconduct and she perceived the comments and misconduct to be offensive and undesirable.

150.   The comments and harassing misconduct described above were because of Plaintiff gender.

151.   Plaintiff objected to the aforesaid conduct and complained of such conduct to no avail.

152.   Defendant Erez Abikzer is the principal and an owner of Horizon.

153. Plaintiff reported Defendant Avi Abikzer's discriminatory, harassing, offensive and improper conduct to Defendant Erez Abikzer on numerous occasions.

154. Defendant Erez Abikzer ignored Plaintiff's objections and complaints, and refused to take corrective or remedial action against his brother.

155. As a result of Defendant Erez Abikzer's inaction, Plaintiff continued to be discriminated against by Defendant Avi Abikzer, culminating in the physical assault on June 18, 2019.

156. Defendant Erez Abikzer was aware of Defendant Avi Abikzer's discriminatory, gender offensive and physically violent conduct for years prior to June 18, 2019.

157. Defendant Erez Abikzer failed to timely investigate reports of discriminatory and gender offensive conduct by his brother, Defendant Avi Abikzer.

158. Defendant Erez Abikzer failed to take prompt remedial or corrective action with respect to Defendant Avi Abikzer's behavior.

159. Defendant Erez Abikzer knew and/or should have known of the gender offensive conduct and failed to take remedial action.

160. Because of the failure of to take corrective or remedial action, there was no reasonable avenue or opportunity for Plaintiff to complain of said harassing conduct.

161. Plaintiff was treated less well than other employees of Horizon that were outside of her protected class on account of her gender.

162. Defendant Erez Abikzer failed to investigate reports of Defendant Avi Abikzer's misconduct and failed to take appropriate remedial measures despite being informed about the existence of Defendant Avi Abikzer's discriminatory and gender offensive conduct.

163. Defendant Erez Abikzer is therefore liable to Plaintiff under New York City Administrative Code § 8–107(1)(6) and New York Executive Law §296(6) for aiding and abetting Defendant Avi Abikzer's discriminatory conduct.

164. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYSHRL and NYCHRL for which Plaintiff is entitled to recover compensatory damages and punitive damages in an amount to be determined at trial, expungement of all discriminatory motivated records, together with appropriate interest thereon, and an award of attorneys' fees, expert fees, costs and disbursements.

## FOURTH CAUSE OF ACTION
### (Against Defendant Avi Abikzer for Hostile Work Environment and Discrimination Based Upon Plaintiff's Gender in Violation of New York City Administrative Code § 8–107(1)(a))

165. Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "164" as though fully set forth at length herein.

166. Plaintiff was subjected to disparate treatment based upon her gender including, but not limited to, subjecting her to unwelcome gender-based harassment and a hostile work environment.

167. During Plaintiff's employment, Defendant Avi Abikzer subjected Plaintiff to unwelcome, undesirable and offensive comments and/or conduct, culminating in his physical assault of Plaintiff on June 18, 2019 during which he uttered numerous gender offensive remarks.

168. Plaintiff clearly indicated that this misconduct was unwelcome.

169. Plaintiff did not solicit or incite the comments and misconduct and she perceived the comments and misconduct to be offensive and undesirable.

170. Plaintiff objected to the aforesaid conduct and complained of such conduct to no avail.

171. Plaintiff was detrimentally affected by the comments and misconduct and such comments and misconduct would have detrimentally affected a reasonable individual in Plaintiff's position.

172. Defendant Avi Abikzer treated Plaintiff less well than other employees of Horizon that were outside of her protected class on account of her gender.

173. Defendant Avi Abikzer is therefore liable to Plaintiff under New York City Administrative Code § 8–107(1)(a).

174. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYCHRL for which Plaintiff is entitled to recover compensatory damages and punitive damages in an amount to be determined at trial, expungement of all discriminatory motivated records, together with appropriate interest thereon, and an award of attorneys' fees, expert fees, costs and disbursements.

### FIFTH CAUSE OF ACTION
**(Constructive Discharge Against Horizon – Title VII, 42 U.S.C. § 2000e-2, New York State Human Rights Law and the New York City Human Rights Law)**

175. Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "174" as though fully set forth at length herein.

176. Horizon discriminated against Plaintiff because of her gender in violation of Title VII, 42 U.S.C. § 2000e-2, the NYSHRL and NYCHRL by engaging in, tolerating or failing to prevent the gender-based harassment alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

177. During Plaintiff's employment, Defendant Avi Abikzer subjected Plaintiff to unwelcome, undesirable and offensive comments and/or conduct, culminating in his physical assault of Plaintiff on June 18, 2019 during which he uttered numerous gender offensive remarks.

178. Plaintiff clearly indicated that this misconduct was unwelcome.

179. Plaintiff did not solicit or incite the comments and misconduct and she perceived the comments and misconduct to be offensive and undesirable.

180. The comments and harassing misconduct described above were motivated by Plaintiff's gender.

181. The comments and harassing misconduct suffered by Plaintiff were sufficiently pervasive and/or severe to alter and did alter the conditions of Plaintiff's employment and created an abusive working environment.

182. Plaintiff was detrimentally affected by the comments and misconduct and such comments and misconduct would have detrimentally affected a reasonable individual in Plaintiff's position.

183. Horizon knew and/or should have known of the harassment and failed to take prompt and/or effective remedial action.

184. During Plaintiff's nearly eight years of employment with Horizon, she was physically in Defendant Avi Abikzer's presence at the Horizon business premises on each working day.

185. Due to Defendant Avi Abikzer's physical attack upon Plaintiff, and his prior history of violence in the workplace, Plaintiff could no longer be in Defendant Avi Abikzer's presence.

186. Horizon failed to take any corrective action against Defendant Avi Abikzer prior to June 18, 2019.

187. Horizon again declined to take any meaningful corrective action against Defendant Avi Abikzer after he physically assaulted Plaintiff due to his hatred of women.

188. Accordingly, Plaintiff could not, and did not, return to work for Horizon after June 18, 2019.

189. Plaintiff was constructively discharged from her employment with Horizon.

190. Horizon's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under Title VII, the NYSHRL and NYCHRL for which Plaintiff is entitled to recover compensatory damages and punitive damages in an amount to be determined at trial, expungement of all discriminatory motivated records, together with appropriate interest thereon, and an award of attorneys' fees, expert fees, costs and disbursements.

**SIXTH CAUSE OF ACTION**
**(Aiding and Abetting Constructive Discharge Against Defendant Erez Abikzer in Violation of New York City Administrative Code § 8–107(1)(6) and New York Executive Law §296(1))**

191.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "190" as though fully set forth at length herein.

192.   During Plaintiff's employment, Defendant Avi Abikzer subjected Plaintiff to unwelcome, undesirable and offensive comments and/or conduct, culminating in his physical assault of Plaintiff on June 18, 2019 during which he uttered numerous gender offensive remarks.

193.   Plaintiff clearly indicated that this misconduct was unwelcome.

194.   Plaintiff did not solicit or incite the comments and misconduct and she perceived the comments and misconduct to be offensive and undesirable.

195.   These comments and harassing misconduct described above were because of Plaintiff gender.

196.   The comments and harassing misconduct suffered by Plaintiff were sufficiently pervasive and/or severe to alter and did alter the conditions of Plaintiff's employment and created an abusive working environment.

197.   Plaintiff was detrimentally affected by the comments and misconduct and such comments and misconduct would have detrimentally affected a reasonable individual in Plaintiff's position.

198.   Horizon knew and/or should have known of the harassment and failed to take prompt and/or effective remedial action.

199. During Plaintiff's nearly eight years of employment with Horizon, she was physically in Defendant Avi Abikzer's presence at the Horizon business premises on each working day.

200. Due to Defendant Avi Abikzer's physical attack upon Plaintiff, and his prior history of violence in the workplace, Plaintiff could no longer be in Defendant Avi Abikzer's presence.

201. Horizon failed to take any corrective action against Defendant Avi Abikzer prior to June 18, 2019.

202. Horizon again declined to take any meaningful corrective action against Defendant Avi Abikzer after he physically assaulted Plaintiff due to his hatred of women.

203. Accordingly, Plaintiff could not, and did not, return to work for Horizon after June 18, 2019.

204. Plaintiff was constructively discharged from her employment with Horizon.

205. Defendant Erez Abikzer is the principal and an owner of Horizon.

206. Plaintiff reported Defendant Avi Abikzer's discriminatory, harassing, offensive and improper conduct to Defendant Erez Abikzer on numerous occasions.

207. Defendant Erez Abikzer ignored Plaintiff's objections and complaints, and refused to take corrective or remedial action against his brother.

208. As a result of Defendant Erez Abikzer's inaction, Plaintiff continued to be discriminated against by Defendant Avi Abikzer, culminating in the physical assault on June 18, 2019.

209. Defendant Erez Abikzer was aware of Defendant Avi Abikzer's discriminatory, gender offensive and physically violent conduct for years prior to June 18, 2019.

210. Defendant Erez Abikzer failed to timely investigate reports of discriminatory and gender offensive conduct by his brother, Defendant Avi Abikzer.

211. Defendant Erez Abikzer failed to take prompt remedial or corrective action with respect to Defendant Avi Abikzer's behavior.

212. Defendant Erez Abikzer knew and/or should have known of the gender offensive conduct and failed to take remedial action.

213. Because of the failure of to take corrective or remedial action, there was no reasonable avenue or opportunity for Plaintiff to complain of said harassing conduct.

214. Defendant Erez Abikzer failed to investigate reports of Defendant Avi Abikzer's misconduct and failed to take appropriate remedial measures despite being informed about the existence of Defendant Avi Abikzer's discriminatory and gender offensive conduct.

215. Due to Defendant Erez Abikzer's failure to take action to address the unlawful discriminatory misconduct of his brother, Plaintiff was subject to the June 18, 2019 physical assault that constructively discharged her from her employment with Horizon

216. Defendant Erez Abikzer is therefore liable to Plaintiff under New York City Administrative Code § 8–107(1)(6) and New York Executive Law §296(6) for aiding and abetting discrimination and, more particularly, Plaintiff's constructive discharge.

217. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYSHRL and NYCHRL for which Plaintiff is entitled to recover compensatory damages and punitive damages in an amount to be determined at

trial, expungement of all discriminatory motivated records, together with appropriate interest thereon, and an award of attorneys' fees, expert fees, costs and disbursements.

**SEVENTH CAUSE OF ACTION**
**(Against Defendant Erez Abikzer for Retaliation**
**in Violation of New York City Administrative Code § 8–107(1)(a)**
**and New York State Human Rights Law §296(1))**

218.   Plaintiff hereby repeats and re-alleges each and every allegation contained within paragraphs "1" through "217" as though fully set forth at length herein.

219.   Defendant Erez Abikzer is an owner of Horizon.

220.   Defendants Horizon and Erez Abikzer required Plaintiff to be compensated for her work on the basis of tax form 1099 rather than tax form W2.

221.   Defendants Horizon and Erez Abikzer made the decision, and in fact insisted, that Plaintiff would be compensated for her work on the basis of tax form 1099 rather than tax form W2.

222.   Plaintiff's EEOC Charge, which included a full recitation of the facts supporting the claims asserted herein, was delivered to Defendants Horizon and Erez Abikzer on or about July 12, 2019.

223.   On or about July 30, 2019, Defendant Erez Abikzer engaged in unlawful retaliation by attempting to intimidate Plaintiff and discourage her from pursuing legal action.

224.   On such date, a third party known to both Plaintiff and Defendant Erez Abikzer delivered to Plaintiff a communication from Defendant Erez Abikzer that was intended to intimidate Plaintiff and dissuade her from pursuing legal action.

225. Through the third party, Defendant Erez Abikzer stated that the claims Plaintiff was pursuing could only be pursued by a worker paid as a tax form W2 employee and Plaintiff was paid on a 1099 basis.

226. Through the third party, Defendant Erez Abkizer further stated that, if Plaintiff pursued legal action, she was in jeopardy of incurring tax liability equaling approximately $200,000.

227. Defendant Erez Abikzer's statement and actions constitute retaliation, as they were intended to discourage Plaintiff from pursuing her discrimination claims.

228. Defendant Defendant Erez Abikzer's statements and actions constitute retaliation, as they were designed to interfere with Plaintiff's exercise of her legally protected rights under the NYCHRL and NYSHRL.

229. Defendant Avi Abikzer is therefore liable to Plaintiff under New York City Administrative Code § 8–107(1)(a) and New York State Human Rights Law §296(1) for unlawful retaliation.

230. Defendant's unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's rights under the NYSHRL NYCHRL for which Plaintiff is entitled to recover compensatory damages and punitive damages in an amount to be determined at trial, expungement of all discriminatory motivated records, together with appropriate interest thereon, and an award of attorneys' fees, expert fees, costs and disbursements.

## **JURY DEMAND**

231. Plaintiff herein demands a trial by jury of all issues in this action.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that she be awarded the following relief:

a)      On the first cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

b)      On the second cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

c)      On the third cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

d)      On the fourth cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

e)      On the fifth cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

f)      On the sixth cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

g)      On the sixth cause of action, appropriate injunctive and monetary relief, including an expungement of all discriminatory motivated records; compensatory and punitive damages in an amount to be determined at trial, together with appropriate interest thereon;

h)      An award of attorney's fees, expert fees, costs and disbursements; and

i)      Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      November 27, 2019            Respectfully Submitted,

                                           **THE SELTZER LAW GROUP P.C.**
                                           *Counsel for Plaintiff*

                                           */s/ Steven Seltzer*
                                          _____
                By:            Steven Seltzer
                          125 Maiden Lane, Suite 507
                          New York, New York 10038
                          T. (646) 863-1854
                          F. (646) 863-1877
                          Email: sseltzer@slg-ny.com